Hear ye, hear ye, this Honorable Appellate Court for the 2nd Judicial District is now in session, the Honorable Anne B. Jorgensen presiding. Your Honor, the first case on the docket this morning is 2-21-0543, Darlene Westberg as Assignee of Barbara Bergstrom, Plaintiff Appellant, v. Victor M. Barcroft, Susan Barcroft, DRM Properties, LLC, Unknown Owners and Tenants, Non-Record Claimants, Defendant Appellee. Arguing on behalf of the Appellant, Mr. Rakesh Khanna. Arguing on behalf of the Appellee, Mr. Kenneth Nazarian. Gentlemen, are both sides ready to proceed? Appellant is ready, Your Honor. Appellee is ready, Your Honor. And sir, when you're ready, you may begin your argument. Sounds good. May it please the Court, my name is Rakesh Khanna, I represent Darlene Westberg. The issue in this appeal is whether Illinois Statute 735 ILCS 5-12-157, which I will refer to as the Deceased Debtor Statute, along with Illinois Mortgage Foreclosure Act Provision 735 ILCS 5-15-1501H1, which I will refer to as Section 1501H, provides a judgment creditor with right to foreclose on a deceased judgment debtor's interest in property, in real property, if that deceased joint debtor, if that deceased debtor held the property in joint tenancy prior to his death. We believe... Mr. Khanna? Yeah, Khanna. Mr. Khanna, how did the property pass from Victor to his wife? It's not his wife, it's actually his daughter. His daughter. How did the property pass from him to her? It was a joint, they held the property in joint tenancy prior to his death. So it didn't pass through an inheritance in a probate estate? That's absolutely correct. It did not. It passed as a result of the joint tenancy relationship. So we believe that the statute, as well as the very sparse case law interpreting these statutes, both hold that the judgment creditor has a right to foreclose on the deceased judgment debtor's interest in property after death, regardless if the judgment debtor's property was held in joint tenancy. Mr. Khanna, let me ask this, if I may. So looking at 157, the language essentially says that it allows the enforcement of a judgment against, quote, the real estate of such deceased person, close quote. The second that Victor dies, is it not the case that that ceases to be real estate of the deceased person? Well, what the statute is concerned with, and what the case law indicates, is that this statute is only concerned with the judgment creditor's ability to attach and execute on whatever interest the deceased debtor had prior to his death. And that's really the key inquiry. And that has actually been expressly provided for by the Seventh Circuit, which interpreted this statute. And that's in the we're of the opinion that this statute was undertaken to enable the judgment creditor to proceed with his execution in case of the death of the debtor in like manner as he could proceed under Section 4 against the debtor living, and against any of his real estate whereon the judgment had become a lien. So we believe that the statute is more concerned with allowing a judgment creditor to proceed, regardless of the manner of conveyance. We believe that the Illinois Supreme Court has confirmed this analysis, and we believe this very court has confirmed that analysis. And where specifically do you believe the Illinois Supreme Court has? Okay, we believe that in the case of Kincaid v. Gibson, that court made the following finding regarding this statute. It labeled this statute as a general provision. And I think that's really critical here. It says... In the Kincaid case, it wasn't joint tenancy. They didn't hold it in joint tenancy, did they? No, they did not. In fact, there's no case that analyzes this statute in which it was held in joint tenancy. That's what makes this case a case of first impression. But if it were tenants in common, we might be talking about something different, correct? Yeah. And again, I'm going to get to that. I don't believe the manner of conveyance is relevant at all to this inquiry based on this statute. And I'll go on to explain why that is. It's because the Supreme Court has labeled the statute to be a general statute, highly dispositive in this case, is that labeling of the statute. Because a general statute, as defined by Illinois law, is one that applies to cases generally, while a specific statute is particular and relates to only one subject. That's in Village of Chatham v. County of Sangamon 351 L.F. 3rd 889. That labeling of this statute as general by the Illinois Supreme Court over 100 years ago was reaffirmed by this very court only seven years ago, and by far the most recent case analyzing the statute. And that is the case of in-ray marriage of Ross and Pruitt, 2015 L.F. 2nd 30961. In that case, this court states, Section 12-157 is a general provision on the survival of judgments against a party who later dies. So with that in mind... Again, aren't any of these cases involving joint tenancy? No. As I previously indicated, unfortunately, there's no case that... And you suggest this is a general statute. Wouldn't the entire mechanism of joint tenancy then be the specific that would override? Only if there was a statute that provided that. Because again, I believe Illinois law states as follows, that when there's a specific statute and a general statute, the specific statute applies. But I have not seen any law that says when there's a general statute and a specific common law, that the common law overrides the statute. It's my understanding... Mr. Khanna, in-ray the marriage of Ross, did they not reject the applicability of Section 157 in that case? Again, absolutely. This court was analyzing that statute in dicta. It wasn't really relevant to facts of the case, but I believe the very fact that it reaffirmed what the Illinois Supreme Court says and has labeled it a general provision is relevant to this statute. So it's also very important because I think what really needs to be understood here is manner of conveyance and how the property... Who had title to the property and when doesn't seem to really make sense. I don't think the trial court's analysis there really made any sense because both the Woods v. Prim as well as the Kincaid v. Gibson cases, in both of those cases, title had already passed to the heirs at that time. And at that point, they said, it doesn't matter if title's already passed to the heirs because this statute allows us the judgment creditor to come in and continue to attach. But in this case, we have no heirs. It passed immediately by joint tenancy. And 157 presupposes heirs or an estate to go against. And we don't have that here as it relates to this property. Well, so again, I don't think that anything in the plain language of the statute itself says anything that, okay, if there's no heirs, then the statute doesn't apply. And I think the plain language... I think that's why I asked you the question right out of the 157. It passed through joint tenancy. It didn't pass through a probate estate. So is there not a difference between the way the property passes? There's absolutely a difference in the way the property passes under common law. I mean, there's a way that it conveys during joint tenancy and there's a way during probate, it's got to go through the will process and the property conveys later. But this statute does not make that distinction. And that's what our point is here. The plain language does not make that distinction. It simply says that, that's what all this case law says. The case law is really concerned with allowing the judgment predator the ability to execute on the deceased judgment debtor's property as if he was still alive. And so again, manner of conveyance is not contemplated in the statute. Manner of conveyance has never been ruled to be an issue in any case law interpreting this. Rather, every single case that we've cited to, and I think every case that exists, because there is such sparse case law, absolutely states that regardless of the manner of conveyance, the judgment predator can move forward. And if there wasn't, and if it didn't say that, then there should be a listed exception. And since there isn't, we believe that the statute should be interpreted as written. So we believe that the fact that this statute is a general statute, which means that it applies to all circumstances, as it's been defined by this court, the Supreme Court, as well as the Woods v. Primm that says that all the statute needs to do is assume the judgment debtor was still alive. That would negate the entire trial court's argument and the appellee's argument that the manner of conveyance is important. But the judgment debtor doesn't have to be alive. The property has to still be his property in the estate. There's a distinction, isn't there? Well, and I might have misunderstood the statute supposes that the judgment, I mean, it only applies in cases in which the judgment debtor has passed away. Right. But my point is, my point is the property has to be in the estate. No, absolutely not. I mean, there's nothing in the statute that says that. There's nothing in the statute that says that. There's nothing. I mean, and how that's the reason you have the waiting period in an estate is to give time for the judgment creditors to make a claim against the estate. Correct. I'm sorry. Are you saying that is there in the probate? Yes. In this context of a probate case that there's times for you to make a claim? Yes, there's absolutely time. But again, that's not contemplated by the statute. It's not contemplated that in any of the case law or anything along those lines, that that is the reason that there's a waiting period in the statute. Right. But why? How could you put a lien or how could you get property if it's not listed in the probate estate? Like Justice Brennan just said, you know, you have you have the probate estate. There's a waiting period for creditors to make a claim. And then once they make a claim, the estate is distributed. Whatever is in the estate is distributed. Correct. Yes, that is how it goes. And we believe the Illinois Mortgage Foreclosure Act provides us with that mechanism to do just what you're saying. Correct. We believe that 1501 H1 gives us that mechanism and it allows us that even if the property but it also says even if the property is held in joint tenancy, the mortgagee or judgment creditor can proceed against the joint tenant that now holds 100 percent of the interest. So we believe that when the statute is looked at also that provision in the Illinois Mortgage Foreclosure Act would is would be completely unnecessary under the trial court and the appellee's arguments here that because what they have argued, how do you distinguish the harms case as it relates to your. The only way I can distinguish harms, Your Honor, is very simple, is that this statute was not addressed in that case, and that's the best way. I mean, it hasn't been eliminated, been litigated, but to the extent that we believe the statute overrides harms. And that's that's the position we believe based on the plain language. But harms came after the statute. Right. But again, simply because the statute existed, if it wasn't addressed in that case, we you know, this is the first this is an issue of first impression, Your Honor. That's the only I can say about this. There's been not a single joint tenancy case in the entire history of Illinois law that I could find that addresses this statute in that context. In harms, weren't the facts that the one of the joint tenants took out a mortgage and when that joint tenant died, the mortgage did not survive the death? I mean, wasn't weren't those the facts of harms? Absolutely, Your Honor. That seems to be very on point to me. If the statute was called upon, we believe that the holding would have been different. But harms discussed the statute. No, it did not discuss this statute. No, it did not. None of the cases cited by appellee or relied upon the trial court, none of them. But you're right, you're right. I apologize. But the rationale in harms. I mean, the court was not unclear in terms of the role of joint tenancy in this context. So you're just saying because nobody argued 151501 H, the court was confused. It's actually 12. dash 157, the deceased debtor statute. I'm not saying they're confused. I'm just saying that it was not an issue in the case. And I believe had that statute been brought to the attention of the court or made an issue, that it would have been ruled differently. I believe, you know, the court obviously is not called upon to rule on issues that were never before it. So again, simply because there was this holding while the statute was in effect, I don't, I don't know if the courts at that time are aware of every single statute unless it's brought to their attention. Again, if you look at the history on this, this, this statute, it has not been widely litigated at all. But I don't believe that that would be probative that simply because there's joint tenancy common law out there that, you know, that then naturally assumes that any statute that might contradict with it is governed by that common law. But isn't it clear that in joint tenancy, it doesn't become a part of the estate? Well, even if it doesn't become a part of the estate, the Illinois Mortgage Foreclosure Act allows us to proceed against that joint tenant, whether it's a part of the estate or not, the Illinois Mortgage Foreclosure Act allows us to go against 100% owner who, who received their interest as a joint tenant, which is precisely the case here. So yes, of course, yeah, you're right. I mean, that that's an accurate statement, but we believe we're covered by the Illinois Victor owned after his death. After his death, he owned no real estate. All right, Council. Any other questions? Justice Brennan? None at this time. Thank you. Justice Shostak? None. Thank you. Council, you will have an opportunity for a reply. Okay. Justice Jorgensen. I'm sorry to interrupt. May I please interrupt, please? Sure. I apologize, everyone. I just here, let me pause the recording is resume. Okay. Again, Justice Brennan, do you have any further questions? I do not. Thank you. And Justice Shostak? No further questions. Then Council, are you prepared to proceed? Yes. Good morning, Your Honors. May it please the court. My name is Ken Nazarian. I represent the defendant, Susan Barcroft, in this matter. We believe that this is a very clear case. Unlike what plaintiff has told you, there are cases that are directly on point in this matter, namely harms, which is a Supreme Court precedent that must be followed by this court indicating the joint tenancy law governs this case. Susan Barcroft was the daughter of Victor Barcroft. There was a conveyance back in the year 2000. That conveyance named both himself and Susan Barcroft as joint tenants in a property that is commonly known in Barrington, Illinois. As part of that, during the pendency of this judgment lien and the enforcement of that judgment lien against Victor Barcroft, there was, Victor Barcroft died. At that point in time, due to the operation of joint tenancy law, his interest in the property was extinguished. It no longer was. Mr. Nazarian, isn't that a good way to try to avoid a debt that you owe someone where there's lien on your property? Just go ahead and put it in joint tenancy. I think by virtue of the fraudulent conveyance, if you had the opportunity and ability to say that it was a fraudulent conveyance, then plaintiff could have very easily made that a fraudulent conveyance. Here, the conveyance happened well in advance of the debt, well in advance of any issue that was present in this case. So if the conveyance to joint tenancy had been made within a year or within, I believe it's two years of the actual debt, there would be a very clear cause for fraudulent conveyance, which plaintiff had at their disposal. In this case, there is no fraudulent conveyance, nor could there be any fraudulent conveyance because of the age of the joint tenancy. If by virtue of having a property in joint tenancy could always be considered a fraudulent conveyance, it would negate the very purpose of joint tenancy law, which is to protect the property for the joint tenants. Each individual person has a 100% undivided interest in the property until there is a transfer, some sort of a conveyance and intent to convey that property out of the joint tenancy. We do not have that, and there is no evidence in this case that the joint tenancy was ever terminated. Let me ask this question. The idea that the specific controls the general, and looking at 1501H, it seems to contemplate the situation where a foreclosure action could persist against a surviving joint tenant. Why isn't that a specific statutory provision that would otherwise inform the common law as it relates to joint tenants? We believe that the case cited by plaintiff in this matter, and us in response, Schoenberg specifically dealt with this issue, your honors. In that case, the court found that this statute, 1501H, was merely procedural in nature. It does not convey any rights to any party. It does not change the rights from one person to another. It does not create or dispose of any rights of any party. So, the joint tenancy law still governs those actions. The question that was- Wouldn't it be strange to contemplate procedurally allowing a foreclosure action to persist against a joint tenant? No, your honor, because the statutes only specified that in the event that there is a joint tenant, a special representative need not be appointed by the court. That was the only purpose of that statute, and Schoenberg was very clear on that. By virtue of the language, the plain language of 1501H, it states that a court need not appoint a special representative if there is a tenancy, a joint tenant that still can act to defend the action. Now, that does not contemplate that there are anything that is presupposed about a plaintiff or a judgment creditor or anyone going against a joint tenant, but rather that a joint tenant may defend the action without the appointment of a special representative. So, that statute, by its plain language, imposes no authority or allowances on a plaintiff, but is specific to the court and the defense of the action. In that case, because it states very explicitly that there is no rights that are created, that all of the rights that the parties have prior to the death are still intact, so you have no rights that are created, no rights that are destroyed by virtue of 1501H. By virtue of joint tenancy law, the interest that Victor Barcroft had in the joint tenancy was extinguished. He no longer had any interest in the property. He no longer had any ability to convey that property. He had no ability to have his estate govern that property or take any money or interest from that property. His interest was gone, which means that in that case, in this case, if your honors were to have sent it back, there would be no appointment of a special representative for Victor Barcroft's estate. Susan Barcroft could still proceed to defend the action as the joint tenant, but her rights are completely free and clear from any judgment debt because she has no judgment debt. There is no mortgage. There is no judgment debt. There is no contract of any kind that would impose a lien, a judgment debt, or other liability on Susan Barcroft, so in that, she would be defending her action against her own property, which would ultimately be found against the plaintiff. By virtue of that statute and the composition of that statute and the holding in Schoenberg, we believe that there is no ability for the court or the legislature to impose additional rights that are not already in existence by virtue of the joint tenancy, so where the plaintiff states this has not been litigated before, it has been litigated. 1501H was found in Schoenberg to be only procedural. It is very specific in the allowances that it makes, and it does not give any further power to a plaintiff to somehow read into that operation of joint tenancy law. I believe your honors asked the questions earlier to Mr. Khanna with regard to the deceased debtor statute. There is no provision in that debtor statute that allows a breaking of a joint tenancy, a severing of a joint tenancy, and it specifically states in that statute that the property must be of the deceased person, so that would mean they still have an interest in the property, that there is some interest that they can latch onto, that a person can invoke the deceased debtor statute in order to enforce a judgment lien, in order to avoid a loss by a creditor. However, if that interest doesn't exist, there is nothing to attach through a deceased debtor statute. There is nothing that the plaintiff is able to go after because Victor Barcroft's interest, Victor Barcroft's property is non-existent. It is only Susan Barcroft's. Does it matter that the lien was initiated prior to Victor's death? And if not, why not? No, your honor. We believe that it was, that was decided in the Manez versus Citibank case, I believe, your honor, and also the Van Antwerp versus Horan, if you would like the citations, I can give them to you. Both of those cases involved deceased joint tenants. Both of those involved cases where there was a judgment lien that had attached to a property and that they were seeking to enforce where a debtor had died. The courts found that the deceased debtor, or I'm sorry, your honor, the courts found that by virtue of a judgment lien does not sever a joint tenancy. A levy does not sever a joint tenancy. And in fact, a bankruptcy does not sever a joint tenancy. So our Supreme Court, or I'm sorry, our district courts found that there are, well, actually, I'm sorry, I think Van Antwerp was a Supreme Court case, your honor, and Manez was a first district case. In both of those cases, there had to be an active attempt by one the parties to convey the property out of the joint tenancy for the joint tenancy to be severed. That is law in Illinois. Illinois finds that in order for that joint tenancy to be severed, in order for that joint tenancy to go away, there has to be an active attempt by one of the parties to sever that joint tenancy. Here, we do not have that. Here, even though there was a judgment lien that was created against Victor Barcroft, that does not sever the joint tenancy, nor does it in this case, we do not have any judgment that was ever entered in Illinois against Victor Barcroft's state, nor his interest, nor did the judge ever impose any judgment because Victor Barcroft died prior to any judgment being entered. So as a result, Susan Barcroft's interest is 100% interest in the property. Victor Barcroft's interest evaporated and extinguished as soon as he died. By operation of law and the conveyance of a joint tenancy, there is no ability for the plaintiff to recover in this case except against the estate of Victor Barcroft, which they are free to do and free to make a claim against. But as far as this property is concerned, it is not an asset of the estate. No interest still exists that Victor Barcroft's estate has an interest in. And so no monies, funds, or otherwise can be imposed on Susan Barcroft's property. It is undisputed that plaintiff has no claim against any of Susan Barcroft's assets. And unlike what plaintiff had stated in its brief, at many times during this litigation, they did attempt to foreclose upon the entirety of the property, a 100% interest. They only recently started doing that, saying that it was a 50% interest as of the summary judgment motion. If your honors would look at both the amended complaint in September of 2020 and the complaint itself, it states that they want to foreclose upon defendants, plural, rights and interests in the property that include Barcroft. So here, they were attempting to go after 100% of the whole of the property because in joint tenancy, Victor Barcroft had a 100% undivided interest in the property before his death. By operation of law, by the virtue of the Supreme Court's ruling in harms in Van Antwerp, and many district court cases that were cited by us in our briefs, we believe that this is a very, very clear issue that has been decided time and again in Illinois. A joint tenancy, by operation of law, imposes a 100% undivided interest in each joint tenant, that upon the death of one of the joint tenants, that property is conveyed to the remaining joint tenant, free and clear of any judgment liens or other impossessions that may have been affecting the not an issue of first impression for this court. The plaintiff argues that the deceased debtor statute is applicable here. We disagree. We think that the key language of the deceased debtor statute requires that it is property of the deceased debtor, which means that it has to be part of the deceased debtor's estate or there has to be a full further interest. And lastly, as we stated earlier, in 1501H, we do not believe it applies because it is very specific that it does not create any rights that did not already exist outside of the law when there is a deceased debtor. The special representative and necessary parties has no bearing on this particular case, and it has no bearing on the joint tenancy law. So for all of those reasons, we believe that plaintiff's appeal should be and the trial court's holdings upheld. Thank you, Your Honor. Justice Shostak, any questions? No. Justice Brennan? No, thank you. Nor do I. Thank you very much, counsel. Thank you, Your Honor. And sir, are you ready to proceed with your rebuttal? I am, Your Honor. I really believe the probative question here was, and it was asked by this court, what kind of interest did Victor Barcroft have when he died? And the answer was, it was the joint tenancy. After he died, he had no interest. But we believe that's completely a difference without a distinction, because what these cases have all held is at the time the statute was applied, the deceased debtor had also no interest in that property. And that's a very critical thing for the court to understand. In both the Kincaid v. Gibson and the Woods v. Prim case, in both cases, title had passed to the heirs already. So at that point, the deceased debtor had no more interest in the property. So accordingly, the same analysis should apply, because that's an irrelevant... But isn't the action in under 157 an action against an estate? No, no, no. And that's exactly what the trial court held. And that's exactly... There's nothing in the plain language of that statute that says that. And there's nothing in any of the case law that narrows it down. And the consistent interpretation of the statute to be a general statute, as opposed to specific to probate cases, is also highly probative. So again, in the Kincaid v. Gibson and the Woods v. Prim case, in both of those cases, title had passed. There was no more property of the estate at that point. The property doesn't pass until the estate is probated. Isn't that the whole point of the notice requirements? What I'm saying, in both of those cases, after the probate case, the title had passed. It had passed at that point. And in both of those cases to the heirs. So that's really critical for the court to understand. In both of those cases, the title had passed through the probate process and title was put in the heirs. It was only at that time that the Judge McPredator and Morka Gee came in and they invoked the deceased debtor statute. I believe that is so highly probative to this inquiry because that's the exact case. Okay, who cares if the title passed immediately from the deceased debtor to a joint tenant? Or what's the difference if the title had passed to an heir through probate already after the probate process? These cases consistently hold that this deceased debtor applies regardless. But before it passes to the heirs, the property sits, if you will, in an estate. And the action of the lien is against the estate or the contents of the estate. That title or interest in any property held by joint tenants, the moment that Victor dies, 157 begins to apply. But that's the same moment at which he has lost all interest in that property. And again, how do we overlook that? The only way you can overlook it is by ignoring the holding in Woods v. Prim. That's the only way you can overlook it. If you choose to ignore the holding in Woods v. Prim, which expressly states that a judgment creditor can go against the property of a deceased debtor as if he was alive, then you can make that conclusion. Because clearly, if the judgment debtor is considered alive, then that property interest would not have passed to the joint tenant. And again, how do you distinguish harms? How do we disregard harms? Again, harms, Your Honor, we believe provide what's, again, it's not, A, it's not an exception to the statute. It's a general statute. That case does not even invoke or apply or discuss or reference this statute. And a statutory law, if on point, which this one we believe is, trumps any sort of common law. So that's why we believe that that harm should not be followed. And again, I think it's really important for the court to understand that the statute's not concerned if title has passed. It's not. Because if that was the case, then the situation in Kincaid and Woods would not have occurred. Because in both of those cases, title had already passed the air. There was nothing in probate. There was no interest that the deceased debtor any longer had. So what really is the difference? If this statute can be invoked in that situation when title had passed to an heir, who cares if title passes automatically by joint tenancy? What's the benefit, then, than filing a property in joint tenancy, then holding a property in joint tenancy? What's the benefit? You know, it should apply in the situation in which there's, you know, no outstanding judgment creditors. And again, the statute's limited to just judgment creditors. It's a okay. So this says that the judgment creditors judgment survives. It's a survival statute of that. So yeah, I mean, there's a lot of benefits to joint tenancy. If there's no judgment against, then yeah, the title will pass and it won't apply in any other circumstance. Justice Jostik, any additional questions? No. And Justice Brennan? Just one. What do you say as it relates to the 1501H argument based on Schoenberg, that it's really procedural as to when a special representative has to be appointed and doesn't otherwise create any kinds of rights? You know, that case says it's, I mean, I believe, as I argued, that that provision in and of itself, the existence of it contemplates what we're saying. Because if that 1501H1 was not there, then, you know, the court, and again, I need to back up a little, the court had ruled that that's that provision only applies if the co-tenant, if the joint tenant is a co-obligor or a co-mortgagor. That is what the trial court held. That we can only proceed against a joint tenant as a co-obligor or a co-mortgagor. That's simply not what that statute says. That statute was put in for the exact opposite reason, to allow, why else would, I guess the question needs to be asked is why else could we go against a joint tenant if everything that's being argued here by appellee is true? And there would be no reason whatsoever a joint tenant would ever need to be defending a mortgage action against a deceased debtor. The very fact that that as a co-mortgagor, because that mortgage or judgment creditor could go against that co-guarantor or mortgagor that's also a joint tenant, independently of that statute, obviously, to the same extent it went after the deceased judgment debtor. So the very fact that that statute exists indicates it was promulgated for this exact situation. That's the best I can, you know, hopefully that answers your question. Thank you. Anything further, Justice Brennan? No, thank you. Then the court would like to thank both counsel for extraordinary arguments this morning. This court will then be in recess and we will issue a disposition in due course.